IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN W. HERNANDEZ et al.,

    Plaintiffs,

vs.                                                    CASE NO. 4:21-cv-247-AW-MAF

FLORIDA BOARD OF BAR
EXAMINERS, et al.,

    Defendants.

_____/

**DEFENDANT GAVAGNI'S RESPONSE TO
ROSENBERG'S MOTION FOR PERMISSIVE INTERVENTION**

Defendant Michele A. Gavagni hereby responds to the motion for permissive intervention filed by Erwin Rosenberg and states that the motion (ECF No. 62) should be denied for the reasons explained below.

**Standard on Motion for Permissive Intervention**

Federal Rule of Civil Procedure 24(b) provides, in relevant part:

(b) **Permissive Intervention.**

   (1) ***In General.*** On timely motion, the court may permit anyone to intervene who: ...

      (B) has a claim or defense that shares with the main action a

common question of law or fact ...

(3) ***Delay or Prejudice.*** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Rule 24, Fed. R. Civ. P. Subsection (c) of Rule 24 further provides that the "motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Where the movant is not entitled to intervene as of right under Rule 24(a), "it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 293–94 (11th Cir. 2020) (quoting *World's v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991)).

## **Reasons to Deny Permissive Intervention**

Rosenberg's motion for permissive intervention should be denied for several reasons.

First, Rosenberg failed to attach a copy of the pleading setting out the claim for which intervention is sought, as required by Rule 24(c).

Second, Rosenberg has not shown that he has a claim that "shares with the main action a common question of law or fact," as required by Rule 24(b)(1)(B). Rosenberg "received a disbarment in Florida." ECF No. 62 at 1. *See also The Florida*

*Bar v. Rosenberg*, 2017 WL 4233015 (Fla. 2017) (holding Rosenberg in contempt for violation of Court's prior order, and ordering that "[a]s a sanction, [Rosenberg] is permanently disbarred from the practice of law in the State of Florida"). Whereas the instant case is focused on the constitutionality of the experienced attorney fee in Rule 2-23.4, Fla. Bar Admiss. R., under the dormant commerce clause, Rosenberg seeks to challenge the "entire Florida lawyer licensing scheme," asserting that it infringes on "[his] right to practice law." ECF No. 62 at 1. Moreover, the type of commerce clause and free speech arguments being made by Rosenberg in his motion were rejected by the Eleventh Circuit in *Kirkpatrick v. Shaw*, 70 F.3d 100, 103-104 (11th Cir. 1995) (holding that "[r]equiring all applicants to the Florida bar to submit to a review for fitness to practice law is not a 'clearly excessive' burden, especially in light of the expected benefit of protecting Florida's citizens from unscrupulous attorneys" and "[n]one of the challenged Florida Bar Rules violate the First Amendment").

Third, Rosenberg does not have standing to challenge the experienced attorney fee in Rule 2-23.4. Because Rosenberg has been permanently disbarred, there is no "real and immediate threat" that he would have to pay any of the fees in Rule 2-23.4 in the future. *See* Order of Dismissal, ECF No. 40 at 6 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001)).

Fourth, given that the Florida Supreme Court has permanently disbarred

Rosenberg as a sanction, there is a serious question as to whether this court would have subject matter jurisdiction of Rosenberg's claims under the Rooker-Feldman doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). And there is also a serious question regarding whether Rosenberg would have independent standing to pursue his claim that the "entire Florida lawyer licensing scheme" infringes his right to practice law. *Cf. Dillard v. Chilton County Comm'n*, 495 F.3d 1324, 1340 (11th Cir. 2007) (holding that intervenors lacked standing to intervene) (citing and quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (standing requires showing of "'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'")); *Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1539 (11th Cir.) (affirming denial of intervention because intervenors lacked standing), *opinion clarified,* 92 F.3d 1074 (11th Cir. 1996).

Finally, allowing Rosenberg to intervene "would unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Plaintiff originally filed this action in June of 2021, ECF No. 1, and a Third Amended Complaint was filed in July of 2022. Pursuant to the Court's scheduling order, ECF No. 58, the deadline to complete fact discovery is August 31, 2023, and the parties have been engaging in fact discovery. Rosenberg seeks to litigate a freedom of speech challenge to the "entire Florida Attorney licensing scheme." Allowing

Rosenberg to intervene would likely delay the matter and cause prejudice to the parties.

## Conclusion

Accordingly, Defendant Gavagni respectfully requests that the Court deny Rosenberg's motion for permissive intervention.

    Respectfully submitted,

*/s/ James J. Dean*
James J. Dean
Florida Bar No.: 832121
E-mail: jdean@lawfla.com
Secondary E-mail: tweiss@lawfla.com
Robert A. McNeely
Florida Bar No.: 42994
E-mail: rmcneely@lawfla.com
**MESSER CAPARELLO, P.A.**
2618 Centennial Place
Tallahassee, Florida  32308
Telephone:  (850) 222-0720

James T. Almon
Florida Bar No. 0017173
General Counsel
Florida Board of Bar Examiners
1891 Eider Court
Tallahassee, Florida 32309
Telephone: (850) 487-1292
Email: almonjt@flcourts.org

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

This memorandum of law complies with the word limitation of N.D. Fla. Loc. R. 7.1(F) and contains 861 words, excluding the parts exempted by such rule.

/s/*James J. Dean*
James J. Dean

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, and thereby was served upon all parties through their counsel of record, and that a copy was served on Erwin Rosenberg, via U.S. mail, 1000 West Island Blvd. #1011, Aventura, Florida 33160, and email, erwinrosenberg@gmail.com, this 5th day of May, 2023.

/s/ *James J. Dean*
James J. Dean