IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEVEN W. HERNANDEZ and DAVID DRWENCKE, on behalf of themselves and all others similarly situated,**

    Plaintiffs,

v.                                                Case No. 4:21-cv-247-AW-MAF

**FLORIDA BOARD OF BAR EXAMINERS, et al.,**

    Defendants.

_____/

## **FINAL ORDER**

Plaintiffs Steven Hernandez and David Drwencke sued the Florida Board of Bar Examiners and its executive director (Michele Gavagni) alleging that the Florida Bar's fee structure violated the dormant Commerce Clause and other constitutional provisions. Through a series of orders, the court disposed of all claims other than the dormant Commerce Clause claim. *See* ECF No. 45 (dismissing right-to-travel, due process, and privileges and immunities claims); ECF No. 53 (incorporating same ruling as to subsequent complaint). The court concluded the Florida Board of Bar Examiners had Eleventh Amendment immunity, Hernandez lacked standing to pursue injunctive relief, and that claims against Gavagni in her individual capacity were barred based on qualified immunity. ECF No. 45 at 14; ECF No. 53. That left

only Drwencke's dormant Commerce Clause claim for prospective relief against Gavagni in her official capacity. *See generally* ECF Nos. 45, 53.

As the court earlier explained,

> There is a "two-tiered approach" for considering dormant Commerce Clause challenges. *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 578-79 (1986). First, a statute that "directly regulates or discriminates against interstate commerce, or [whose] effect is to favor in-state economic interests over out-of-state interests" is typically found invalid "without further inquiry." *Id.* at 579; *see also Oregon Waste*, 511 U.S. at 99 (describing facially discriminatory laws as "virtually *per se* invalid"). Second, neutral laws with only "incidental" effects on interstate commerce "will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

ECF No. 45 at 15. The court has already determined that Plaintiffs cannot succeed at tier one. *See* ECF No. 45 at 16 (dismissing tier-one claim to the extent it relied on a facial-discrimination theory); ECF No. 53 at 3 (same); ECF No. 103 at 11 (dismissing at summary judgment any claim that the challenged rule discriminated in practical effect). This left "only a tier two claim, looking at whether the Rule's burden on commerce is clearly excessive in relation to its benefits under *Pike* [*v. Bruce Church, Inc*., 397, U.S. 137 (1970)]." ECF No. 103 at 11.

Plaintiffs have now decided to abandon that tier-two claim so that final judgment may enter as to all other claims. ECF No. 108. The parties stipulated that Plaintiffs would amend their complaint to explicitly remove any tier-two claim. *Id.*

2

The court now accepts the Fourth Amended Complaint, ECF No. 107, which the court deems the operative complaint.

With the tier-two dormant Commerce Clause claim removed, final judgment can and will now issue as to all remaining claims. The clerk will enter a judgment that says, "Final judgment is entered in Defendants' favor. All claims against the Florida Board of Bar Examiners are dismissed without prejudice based on Eleventh Amendment immunity. All claims against Michele Gavagni in her individual capacity are dismissed based on qualified immunity. All claims brought by Steven Hernandez are dismissed without prejudice for lack of standing. All remaining claims are dismissed on the merits."

The clerk will close the file.

SO ORDERED on September 30, 2024.

s/ <i>Allen Winsor</i><br>United States District Judge